UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CATHEY,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 04-03271-SC<br><br>ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |

**I.   INTRODUCTION**

Plaintiff Patricia Cathey[1] ("Plaintiff" or "Claimant") has moved for summary judgment on her action seeking review of the Social Security Commissioner's final decision denying her claim for Social Security disability benefits. In the alternative, Plaintiff moves for remand. Defendant Jo Anne B. Barnhart ("Defendant" or "Commissioner") has cross-motioned for summary judgment in her favor. For the reasons set forth below, the Court hereby DENIES Plaintiff's Motion and GRANTS Defendant's Motion.

**II.   BACKGROUND**

Claimant was granted a closed period of disability from October 14, 1995 to March 1, 1997 for a back-related disability. Administrative Record ("A.R.") at 24. Claimant does not dispute

---

[1] Plaintiff Patricia Cathey passed away during the pendency of this suit. Plaintiff's husband, Larry Wayne Cathey, filed a Motion to Substitute for Deceased Plaintiff. The Court granted that motion on August 2, 2005.

1  that at the end of the initial period of disability she had
2  recuperated from her back problems and was ready to return to
3  work.  Id. at 438-39.  In October 1998, Claimant filed a second
4  application for disability benefits.  Id. at 23.  In her second
5  application, Claimant alleged that a July 1997 motor vehicle
6  accident caused her back problems to resurface more severely than
7  before the initial disability period.  Id. at 24.

8  According to medical evidence, Claimant suffered from
9  "degenerative disc disease from the L3 through L5 levels, ... a
10 panic disorder with anxiety attacks and bunions with feet pain."
11 Id.  However, the Administrative Law Judge ("ALJ") found the
12 anxiety disorder and the bunions to be "non-severe."  Id. at 30.
13 He found the degenerative disc disease to be "severe" but not
14 supported by clinical or laboratory findings.  Id.  With respect
15 to Claimant's medical problems, the ALJ also found, "The
16 intensity, persistence and functionally limiting effects are not
17 fully credible."  Id.

18 **III. LEGAL STANDARD**

19 This Court may set aside the Commissioner's decision if it is
20 based on an incorrect application of the law or is not supported
21 by substantial evidence.  42 U.S.C. § 405(g).  "Substantial
22 evidence" is the relevant evidence which a reasonable person might
23 accept as adequate to support the Commissioner's conclusion.
24 Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  If the
25 evidence can reasonably support either affirming or reversing the
26 Commissioner's decision, this Court may not substitute its own
27 decision for the Commissioner's decision.  Id. at 720-21.

2

1  "[C]onflicts in the evidence are to be resolved by the
2  [Commissioner]."  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.
3  1987).

**IV.  DISCUSSION**

Plaintiff states that there are three material issues now before the Court: 1) whether the ALJ erred by rejecting the treating physician's medical opinion of Claimant's work capacity; 2) whether the ALJ improperly applied his own medical interpretation of the record; and 3) whether the ALJ failed to apply Social Security Rulings regarding the weighing of a treating physician's view.  Plaintiff's Motion at 3.  However, these three issues are interrelated.  The essence of Plaintiff's argument is that the ALJ failed to give enough weight to the reports and opinions of the treating physician, Dr. Scheetz.  For example, Plaintiff alleges that the ALJ improperly put more weight on the opinion of the consultative examiner, that Plaintiff could carry up to 40 pounds, rather than on the opinion of the treating physician, that she was limited to less than ten pounds.  Plaintiff's Motion at 7.  Or, Plaintiff alleges that although the ALJ listed reasons for rejecting the opinion of the treating physician, such reasons were based on "misreading of the record, misstatements and misinterpretation."  Id. at 9.  For the following reasons, the Court disagrees with this characterization.

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment

3

or the ultimate determination of disability." <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2001). "When there is a conflict between the opinions of a treating physician and an examining physician ... the ALJ may disregard the opinion of the treating physician only if he sets forth specific and legitimate reasons supported by substantial evidence in the record for doing so." <u>Id.</u> (internal citations and quotations omitted).

In the instant matter, the ALJ has largely credited the medical evidence contained in the treatment records of Dr. Scheetz. For example, the ALJ wrote, "Dr. Scheetz reported that claimant responded well to medications and recommended that she been [sic] seen on only an as needed basis ...," and concluded, "I find that the evidence supports a capacity for light work." A.R. at 27. Similarly, the ALJ wrote, "Dr. Scheetz noted that claimant was intolerant of sitting for long periods but was able to sit on a short term basis," and concluded, "I find that a sit/stand option at will is warranted." <u>Id.</u> It was only with Dr. Scheetz' view of Claimant's functional capacity that the ALJ differed. The ALJ did not agree with Dr. Scheetz' February 25, 2000 conclusions regarding Claimant's functional capacity. <u>Id.</u> at 28 ("I do not, however, give his opinion of claimant's functional capacity controlling weight.").

Rather than agreeing with Dr. Scheetz' opinion regarding Claimant's functional capacity, the ALJ agreed with the opinion of an examining physician, Dr. Steve McIntire. Dr. McIntire stated in his report that Claimant retained an ability to perform work activity. <u>Id.</u> When there is a conflict in the evidence

4

"between the opinions of a treating physician and an examining physician ... if the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Sprague, 812 F.2d at 1230 (internal quotations and citations omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

In the instant case, the ALJ found that "Dr. Scheetz' narrative reports are insufficient to support his opinion." A.R. at 28. The ALJ supported this statement with a variety of reasons, including, 1) Dr. Scheetz' records noted Claimant's good response to medication, 2) the records note muscle spasm on only one occasion and no clinical findings to substantiate the limitations, 3) there was no medical evidence given to support an allegation of any disorder in the cervical spine, and 4) Claimant was seen by Dr. Scheetz only on an "as needed" basis and was prescribed medicine but did not undergo any pain management. Id. The Court holds that these constitute specific, legitimate reasons based on substantial evidence. Case law supports this conclusion since appellate courts generally uphold an ALJ's conclusions when specific reasons are listed in the ALJ's report. For example, in Connett v. Barnhart, the Ninth Circuit upheld an ALJ's rejection of the opinion of the treating physician because the physician's opinion of the claimant's residual function

5

capacity was not supported by the physician's own notes and was inconsistent with other evaluators. 340 F.3d 871, 875-76 (9th Cir. 2003). Similarly, in <u>Batson v. Comm'r of Social Security</u>, the Ninth Circuit upheld an ALJ's rejection of a treating physician's views because the physician's views were based on the claimant's subjective descriptions and were contradicted by other evidence. 359 F.3d 1190, 1195 (9th Cir. 2004). On the other hand, in <u>Sprague v. Bowen</u>, the Ninth Circuit remanded a case because the ALJ had merely alluded to some potential inconsistencies between the views of the treating physician and those of the examining physicians. 812 F.2d 1226, 1230 (9th Cir. 1987). In the case at hand, because the ALJ stated a variety of specific reasons why he was discounting the views of the treating physician, the Court finds that the facts are more similar to those in <u>Connett</u> and <u>Batson</u> than to those in <u>Sprague</u>.[2] Therefore, the Court holds that the ALJ has rejected the opinion of Dr. Scheetz with specific, legitimate reasons supported by substantial evidence.

Plaintiff's Motion lists nine statements by the ALJ which Plaintiff asserts are contradicted by the record. Plaintiff's Motion at 10-11. The Court has reviewed these statements and finds that Plaintiff has merely raised examples in the record of ambiguities. For example, Plaintiff criticizes the ALJ's

---

[2] The Court emphasizes that it does not find that the reasons given by the ALJs in <u>Connett</u> and <u>Batson</u> are similar to the reasons give by the ALJ in the case at hand. Rather, the Court finds only that the degree and number of specific, legitimate reasons are similar.

6

statement that Dr. Scheetz noted Plaintiff's good response to medications. Id. Plaintiff alleges that the ALJ's statement is contradicted by Dr. Scheetz' records of October 8, 1997 in which he wrote, "She has been taken [sic] Esgic, but finds this unreliable. She has been taking Naprolen without relief." A.R. at 394. However, Dr. Scheetz' subsequent records of November 26, 1997 state, "She is finding relief with Naprelan [sic] ... and Vicodin ..." A.R. at 389. Then, at Claimant's hearing before the ALJ, she indicated that the medications "take an edge off" her symptoms but have side effects. Id. at 441. As a second example, in response to the ALJ's statement that Claimant "reported muscle spasm on only one occasion," Plaintiff alleges, "A single report does not mean the pain was not there, nor that the muscle spasm was not there." Plaintiff's Motion at 10. As a third example, in response to the ALJ's statement that there was no evidence that Dr. Scheetz treated Claimant for asthma, Plaintiff alleges that the ALJ was "[c]orrect as to treatment, but not as to knowledge. Dr. Scheetz based his recommendation on his knowledge that she had asthma and was taking three inhalers." Id. at 11.

These examples demonstrate that Plaintiff's list of nine alleged contradictions between the ALJ's findings and the record are really just a list of ambiguities and credibility issues. Such ambiguities and issues of credibility cannot be a basis for remand or judgment in favor of Plaintiff--this Court's role is not to second guess the ALJ. "The ALJ is responsible for determining credibility and resolving conflicts in medical

7

1  testimony and ambiguities." <u>Lewis v. Apfel</u>, 236 F.3d 503, 509
2  (9th Cir. 2001).  Furthermore, as stated above, "[i]f the
3  evidence can reasonably support either affirming or reversing the
4  Secretary's conclusion, the court may not substitute its judgment
5  for that of the Secretary."  <u>Reddick</u>, 157 F.3d at 720-21.
6  Therefore, the Court holds that Plaintiff's list of nine
7  potential contradictions between the ALJ's findings and the
8  record do not constitute grounds for remand or judgment in favor
9  of Claimant.

**V.   CONCLUSION**

The Court finds that the ALJ supported his findings with specific, legitimate reasons supported by substantial evidence. Therefore, the Court hereby DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: August  18 , 2005

_____
UNITED STATES DISTRICT JUDGE

8